IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

United States of America, )
       Plaintiff, )
        )
vs. ) Case No. 6:13CR69
        )
Kimbrick Jones )
       Defendant. )

FILED
JUN 23 2016
Clerk, U.S. District Court
Texas Eastern

MOTION UNDER 28 U.S.C. § 2255
TO CORRECT SENTENCE

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
    United States District Court
    Eastern District of Texas

   (b) Criminal docket or case number:
    6:13CR69

2. (a) Date of the judgment of conviction:
    March 2014

   (b) Date of sentencing:
    March 2014

3. Length of sentence:
    72 Months

4. Nature of crime:
    21 U.S.C. § 846   Attempt and conspiracy

5. What was your plea?
    Guilty

6. Did you appeal from the judgment of conviction?
    No

7. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    No

8. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.

The two (2) point gun enhancement used in my sentencing under USSG 2D1.1 should not have been applied as my crime was not a "crime of violence" pursuant to 18 USC §16.

The guns used to place the enhancement on my sentencing guidelines were not used in the commission of the crime. There was no indication that the firearms were illegal, and I had a permit to carry the firearms.

The use of the residual clause of the Armed Career Criminal Act is inappropriate to use as a basis for application of USSG 2D1.1 in my case as it has been determined to be unconstitutionally vague in violation of the Due Process Clause.

9. Did you raise this issue in any post-conviction motion, petition or application?

    No

10. Do you have any motion, petition, or appeal now pending in any court for the judgment you are challenging?

    No

11. Were you sentenced on more than one count of any indictment, or on more than one indictment, in the same court and at the same time?

    No

12. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

    No

13. If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations does not bar your motion.

    The Supreme Court decision in United States v Johnson, 135 S.Ct.2555 (2016) has decided that this issue can be reviewed retroactively by the courts on cases that have passed the one year statute of limitations.

Therefore, movant asks that the Court correct the sentence of Defendant by removing the two (2) point enhancement previously placed on the sentencing guidelines or any other relief to which movant may be entitled.

_____
Movant

    I declare under penalty of perjury that the foregoing is true and correct and that this Motion Under U.S.C. § 2255 was placed in the prison mailing system on June 23, 2016.

    Executed on this 23 day of June, 2016

                                               _[signature]_
                                               Movant