IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION


KIMBRICK BERNARD JONES, #21413-078 §

VS. § CIVIL ACTION NO. 6:16cv923
                                                      CRIMINAL NO. 6:13CR00069-001
UNITED STATES OF AMERICA §


REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Kimbrick Bernard Jones, an inmate confined at U.S.P. Leavenworth, brings this

motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was

referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Factual Background

Jones is challenging the sentence imposed in Criminal Number 6:13CR00069-001. He is in

custody pursuant to a conviction for the offense of conspiracy to possess with intent to distribute and

distribution of methamphetamine, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(B). Jones entered a

plea of guilty to the charge pursuant to a plea agreement. The Court accepted his plea and found him

guilty on October 10, 2013.

In the Presentence Investigation Report, the probation officer determined that Jones' base

offense level was 26 for a violation of 21 U.S.C. § 846 under United States Sentencing Commission

Guideline § 2D1.1. PSR ¶ 43. Jones received a two-level increase under U.S.S.G. § 2D1.1(b)(1) for

possession of a dangerous weapon in connection with the offense. PSR ¶ 44. He received a second

two-level increase under U.S.S.G. § 3B1.3 because he abused a position of trust in a manner that

1

significantly facilitated the offense. PSR ¶ 46. He received a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) & (b). PSR ¶¶ 50, 51. His total offense level was 27. PSR ¶ 52. There were no adjustments under the career offender guideline, U.S.S.G. § 4B1.1, or the armed career criminal guideline, U.S.S.G. § 4B1.4. PSR ¶ 49.

Jones' criminal history placed him in category I. PSR ¶ 57. His criminal history of category I, coupled with an offense level of 27, yielded an advisory guideline range of 70-87 months of imprisonment. PSR ¶ 81. The charge carried a mandatory minimum sentence of five years of imprisonment and a maximum of forty years of imprisonment. PSR ¶ 80.

A sentencing hearing was conducted on March 25, 2014. Jones was sentenced to 72 months of imprisonment. The sentence was entered on March 27, 2014. Jones did not appeal. On March 23, 2015, his sentence was reduced to 60 months of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).

Jones is seeking relief based on the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Jones argues that the two point enhancement under U.S.S.G. § 2D1.1 should not have been applied as his crime was not a "crime of violence." The Government filed a response (Dkt. #11) on December 12, 2016. Jones has not filed a reply.

Discussion and Analysis

The decision in *Johnson* was based on an analysis of the Armed Career Criminal Act ("ACCA"). The Supreme Court discussed the operation of the ACCA as follows:

> Federal law forbids certain people - such as convicted felons, persons committed to mental institutions, and drug users - to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation of this ban by up to 10 years' of imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

*Johnson*, 135 S.Ct. at 2555. The Court held that the "residual clause" of § 924(e)(2)(B)(ii) was unconstitutionally vague. *Id.* at 2563. On April 18, 2016, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 157, 1260-68 (2016).

In the present case, Jones was not convicted of the offense of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He was not convicted as an armed career criminal under the ACCA. *Johnson* does not apply to him. Jones is not entitled to relief based on *Johnson*.

Jones seeks relief based on an extension of the holding in *Johnson* to sentencing guidelines. The Supreme Court recently granted certiorari in order to consider whether *Johnson* should be extended to career offenders under the sentencing guidelines in *Beckles v. United States*, 136 S. Ct. 2510 (2016). The Fifth Circuit has observed, however, that the recent grant of certiorari in *Beckles* does not alter its analysis since it is bound by its own precedent unless and until that precedent is altered by a decision of the Supreme Court. *In re Harris*, No. 16-40938, slip op. at 1 n.1 (5th Cir. Aug. 16, 2016) (citing *Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986)); *see also In re Arnick*, 826 F.3d 787, 788 (5th Cir. 2016) (noting that the Supreme Court has not yet decided whether *Johnson* applies to the career offender guidelines). This Court is likewise bound by Fifth Circuit precedent unless and until that precedent is altered by a decision of the Supreme Court.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Jones has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a

[movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the movant's underlying constitutional claim, a COA should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the denial of Jones' § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327 (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the court find that Jones is not entitled to a certificate of appealability as to the claims raised.

## Recommendation

It is recommended that the motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 be denied and the case be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 18th day of January, 2017.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE